IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONOVAN SMITH and MICHELLE SMITH,
husband and wife,
JUDY ANN ADKINS and MONZOLA R. ADKINS,
husband and wife and
all other similarly situated persons,

    Plaintiffs,

v.                                                 Civil Action No. 5:12CV23
                                                                   (STAMP)
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
STATE FARM FIRE & CASUALTY COMPANY,
CHRISTI MILLER, individually,
LINDSAY FITZSIMMONS, individually and
all other similarly situated persons,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT,
DENYING MOTION TO AMEND OR CORRECT COMPLAINT,
DENYING REQUEST FOR ORAL ARGUMENT
AND LIFTING STAY**

I.  Procedural History

This is a putative class action that was originally filed in the Circuit Court of Ohio County, West Virginia. The action was then removed to this Court. In their amended complaint, the plaintiffs are challenging the underinsured motorist ("UIM") and medical payments coverage portions of the defendant's, State Farm Mutual Automobile Insurance Company ("State Farm"), automobile insurance policies in West Virginia. The amended complaint alleges that the "non-duplication of benefits" and "reimbursement" language of these portions of the policy is against West Virginia law and

public policy and seeks to have it declared void as a result. The amended complaint also contains a UIM claim brought by the named plaintiffs.

This case was previously stayed by this Court pending a decision in a West Virginia Supreme Court of Appeals case known as <u>State Farm Mut. Auto. Ins. Co. v. Schatken</u>, 737 S.E.2d 229 (W. Va. 2012), in which the plaintiffs in that action also claimed that the non-duplication language in the State Farm insurance policy was void. The <u>Schatken</u> decision was subsequently rendered, the West Virginia Supreme Court finding that the non-duplication of benefits language was not void. The defendants then moved for summary judgment as to the plaintiffs' claims in the amended complaint which make this allegation (Counts I, IV, and V). Count I is a class action claim; Count IV asserts that State Farm and the other defendants[1] violated West Virginia Code § 33-6-31(b), the West Virginia Unfair Trade Practices Act, by applying the "non-duplication of benefits" policy to the named plaintiffs' claims; and Count V asserts claims of breach of contract, breach of covenants of good faith and fair dealing, and common law bad faith. Thereafter, the plaintiffs filed a motion to amend or correct the amended complaint in order to assert amended claims that they argue

---

[1]The Court will refer to "State Farm and the other defendants" simply as "State Farm" throughout this order. This is not an implication that the Court is only considering the plaintiffs' class action claims as against State Farm instead of the defendants collectively.

would not fall under the guise of Schatken. Both motions have been fully briefed.

## II. Facts

The named plaintiffs, Donovan Smith and Michelle Smith ("the Smiths") and Judy Ann Adkins and Monzola R. Adkins ("the Adkinses"), were involved in accidents with uninsured motorists. They settled claims against the uninsured motorists' insurance policies for the coverage limits of $20,000.00. Further, medical payments were made under the Smiths' policy with State Farm for $11,879.25 and under the Adkinses' policy for $22,956.76. After those medical payments were paid, State Farm applied the non-duplication of benefits policy which allows State Farm to deny further coverage under the plaintiffs' UIM policy for the same damages that were already paid via the medical payments. The plaintiffs argue in their amended complaint that such action by State Farm violates West Virginia Code § 33-6-31(b). However, State Farm contends in its motion for summary judgment that it has not violated § 33-6-31(b) and that the West Virginia Supreme Court has held that the "non-duplication of benefits" policy is not a violation of that section in Schatken.

The plaintiffs filed a short response to the defendants' motion for summary judgment, in which they also request oral argument on the matters raised in the motion. The plaintiffs argue that the Schatken decision does not mandate the dismissal of Counts

I, IV, and V in this case, because that ruling left many unresolved issues with regard to State Farm's application of the non-duplication of benefits language to UIM claims. The defendants did not reply to this response.

In addition, the plaintiffs filed a motion to amend their first amended complaint, in which they also request oral argument. In the motion to amend, the plaintiffs request that this Court grant the plaintiffs leave to amend in order to clarify their claims following the ruling in <u>Schatken</u>. The defendants responded in opposition to this motion, arguing that <u>Schatken</u> foreclosed all of the plaintiffs' claims relating to the non-duplication of benefits language. As such, they claim, the plaintiffs' motion to amend is futile and should be denied. The plaintiffs replied, reiterating that <u>Schatken</u> did not foreclose their claims.

The defendants then filed a supplemental memorandum opposing the plaintiffs' motion for leave to file an amended class action complaint in which the defendants cite a United States District Court for the Southern District of West Virginia case, <u>Walker v. State Farm Mutual Automobile Insurance Company</u>, Civil Action 5:11 CV 00529, 2013 WL 500882 (S.D. W. Va. Feb. 11, 2013). The defendants assert that the court in <u>Walker</u> dismissed the same type of post-<u>Schatken</u> proposed amended claims as those proffered by the plaintiffs in this action.

4

Thereafter, the defendants filed a second supplemental memorandum opposing the plaintiffs' motion for leave to file an amended class action complaint. In that memorandum, the defendants state that the Schatken trial court, after remand from the West Virginia Supreme Court, was presented a similar motion to amend to assert similar, additional theories as those the plaintiffs are attempting to assert with this motion. The Schatken motion was denied by the trial court. The defendants argue that because the same type of relief is being sought with the plaintiffs' motion, that this Court should deny the plaintiffs' motion to amend for the same reasons given by the Schatken trial court.

For the reasons that follow, this Court grants the defendants' motion for summary judgment, denies the plaintiffs' motion to amend, and lifts the stay in this action. Further, this Court notes that the parties have requested oral argument. However, given the Schatken ruling and the supplemental cases that have followed Schatken, along with the briefs submitted by the parties, this Court did not find that oral argument would be beneficial and that request is denied.

### III. Applicable Law

A. Summary Judgment

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

B. Motion to Amend

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other

cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

## IV. Discussion

The parties have made similar arguments in both the defendants' motion for partial summary judgment and the plaintiffs' motion to amend the complaint. Thus, this Court will consider the motions together but will apply each motion's separate standard.

The plaintiffs assert that there are four issues that were not considered by the Schatken court that arise in this matter:

> (1) whether the defendants may assert the non-duplication language, comparative fault, and other liability defenses against plaintiffs' UIM claims where the medical payments were paid;
> (2) whether the defendants may assert the non-duplication language and defenses regarding causation, reasonableness and/or necessity of medical expenses in

> UIM claims where there were medical payments and UIM expenses;
> (3) whether the defendants are required to pay UIM for all legally entitled damages from the tortfeasor because of the defendants' violations of the insurance agreements and § 33-6-31(b); and,
> (4) whether the defendants have an obligation to pay the pro-rata share where there are attorneys' fees and costs.

As to Claims 1, 2, and 3, the plaintiffs expand upon their arguments by contending that the defendants have forfeited their right to argue comparative fault, causation, reasonableness, and/or necessity as they have conceded those issues by paying the medical expenses under the medical payments policy. Further, the plaintiffs provide a hypothetical scenario wherein they attempt to illustrate how the defendants could be unjustly enriched if they are allowed to assert these defenses. Thus, the plaintiffs argue that they should be allowed to put forward the argument that the defendants must either choose to assert the defenses listed above or apply the non-duplication of benefits language. Lastly, the plaintiffs argue that it is unclear from the defendants' answer as to whom they are asserting the defenses listed above and thus the defendants cannot argue that they were only reserving those defenses for alleged unnamed class members.

As to Claim 4, the plaintiffs contend that the defendants are required to pay their pro-rata share of attorneys' fees and costs because counsel for the plaintiffs have had to recover proceeds from the tortfeasor's insurance and have brought a claim of damages under the UIM policy which will create a "common fund." Thus, the

defendants should be required to pay their pro-rata share because they have benefitted from the settlement the plaintiffs received from the tortfeasor by deducting that from the payments the defendants must provide to the plaintiffs. Finally, the plaintiffs argue that <u>Schatken</u> did not address this issue and thus it has not been implicitly or expressly foreclosed. The above claims, the plaintiffs assert, create a justiciable controversy.

In response, the defendants argue that under State Farm's insurance policies, the plaintiffs are precluded from being unjustly enriched by double recovery for their medical expenses. Hence, the defendants assert, that State Farm applied the non-duplication of benefits language. Further, the defendants contend that the plaintiffs' claims above are futile and merely speculative as to what the defendants may do at some point in the future under hypothetical circumstances. Thus, they are not ripe for consideration of this Court. Additionally, the defendants assert that the defenses mentioned by the plaintiffs are defenses that the defendants have reserved on behalf of any unnamed underinsured motorist to the claims of absent class members.

Finally, the defendants argue that the plaintiffs are not entitled to attorneys' costs and fees because in this action, State Farm has not sought reimbursement for benefits paid to an insured persons who successfully recovered from the tortfeasor pursuant to a subrogation clause. The non-duplication of benefits clause is

not a "recovery" against a wrongdoer, but simply a provision that prevents a duplicate recovery of the same damages. Here, State Farm has waived both subrogation and reimbursement and is not asking the plaintiffs to return any money to State Farm. Additionally, the defendants argue that the West Virginia Supreme Court implicitly rejected this argument because the plaintiffs in Schatken made the argument in their brief and, although the court did not comment on the argument, it was implicitly rejected because the court upheld the non-duplication provision.

A. <u>Claims 1 Through 3</u>

The parties' main point of disagreement is grounded in the following sentence of the West Virginia Code: "No sums payable as a result of underinsured motorists' coverage shall be reduced by payments made under the insured's policy or any other policy." W. Va. Code Ann. § 33-6-31(b). This disagreement arose in conjunction with the following non-duplication of benefits policy language contained in the plaintiffs' insurance policies with State Farm:

> "The most we will pay for all damages resulting from bodily injury to any one insured injured in any one accident including all damages sustained by other insureds as a result of that bodily injury is the lesser of:
>     1.   The limit shown under "each Person"; or
>     2.   The amount of all damages resulting from that bodily injury, reduced by:
>         a.   the sum of the full policy limits of all applicable liability policies insuring ay persons or organizations who are or may be held legally liable for that bodily injury;
>         . . .

>     c.  any damages that have already been
> paid or that are payable as expenses under
> Medical Payments Coverage of this policy, the
> medical payments coverage of any other policy,
> or other similar vehicle insurance.

ECF No. 95 Ex. C *18.

In regards to the above code section and its significance when paired with a non-duplication of benefits provision, the West Virginia Supreme Court held in <u>Schatken</u>:

> that a 'non-duplication' of benefits provision in an underinsured motorist policy which permits an insurer to reduce an insured's damages by amounts received under medical payments coverage does not violate the 'no sums payable' language of W. Va. Code § 33-6-31(b), insofar as it does not serve to reduce the underinsured motorist coverage available under the insured's policy.

<u>Schatken</u>, 737 S.E.2d at 237. Further, the United States District Court for the Southern District of West Virginia has held that based on the above holding, the same contentions as raised by the plaintiffs in this action should be dismissed:

> Inasmuch as the West Virginia Supreme Court of Appeals has considered the very insurance policy language at issue in this case and arguments questioning the validity of State Farm's non-duplication of benefits language, similar to those made here, and concluded that State Farm's non-duplication of benefits language does not contravene West Virginia law and public policy, the Court finds that Plaintiff is not entitled to judgment as a matter of law on his declaratory judgment action. However, such relief is proper in favor of Defendant.

<u>Walker v. State Farm Mut. Auto. Ins. Co.</u>, 5:11-CV-00529, 2013 WL 500882, *5 (S.D. W. Va. Feb. 11, 2013). Further, the <u>Walker</u> court found the above summarily because the plaintiff did not object to State Farm's argument that the <u>Schatken</u> court's ruling was

dispositive of the issues before the Walker court. Id. (noting that there was no objection because State Farm had submitted supplemental briefing citing Schatken and the plaintiff had not responded to State Farm's supplemental briefing).

In this case, it seems that this Court must find as the Walker court found. Based on the amended complaint filed by the plaintiffs and the ruling in Schatken, the defendants' motion for partial summary judgment would necessarily be granted as there would be no genuine issues of material fact as to Counts I, IV, and V. Further, the plaintiffs do not contend that Schatken was incorrectly decided but rather are basing their arguments on the four claims addressed above that they argue were not addressed in Schatken. However, this Court does not find that such an amendment should be granted as it would be futile.

A court may deny a motion to amend if it finds that the amendment proposed would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment would be futile where the claims that form the amendment do not create a justiciable controversy. "[A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" Torres v. O'Quinn, 612 F.3d 237, 259 (4th Cir. 2010) (citations omitted). Rather, in order to set forth a justiciable controversy "a suit . . . 'must be a real and substantial controversy admitting of specific relief through a

decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" Id. (citations omitted).

The claims asserted by the plaintiffs in their proposed second amended complaint would require this Court to consider a set of facts that have not yet occurred. This amendment is similar to that asserted by the plaintiff in Schatken after the case was remanded to the trial court. The Schatken trial court reasoned that because the West Virginia Supreme Court had already found that the reimbursement provision was not before the court, as State Farm had not sought reimbursement from the plaintiffs, the court could not then allow the plaintiffs to seek an amendment making those arguments already precluded by the higher court as non-justiciable. Schatken v. State Farm, et al., Civil Action No. 10-C-367, *1-3 (W. Va. Circ. Ct. July 11, 2014) ("Schatken II"). Thus, although the plaintiffs attempt to pursue the amendment as not being precluded by the Schatken decision, this Court finds that Claims 1 through 3 are precluded because those claims would be futile as the Schatken decisions have precluded such arguments. Both courts found that such arguments do not provide the basis for a real and substantial controversy and thus this Court cannot now find that a judicable controversy exists based on similar claims.

Further, the plaintiffs argue that the affirmative defenses asserted by the defendants block a summary judgement decision as

those types of defenses were not reviewed by the Schatken court. However, this argument also fails to show that a real and substantial controversy exists. In its fifteenth affirmative defense in its answer to the plaintiffs' amended complaint, the defendants clearly states that they are reserving the defenses listed by the plaintiffs "on behalf of any unnamed, underinsured motorist . . ." ECF No. 40 *22. Further, the underinsured motorists that were involved in the accidents underlying the plaintiffs' claims were named in the plaintiffs' amended complaint. ECF No. 39 *8-9. Thus, the plaintiffs' argument that it is unclear based on the defendants' answer against whom those defenses are asserted is unfounded. Accordingly, the plaintiffs' motion to amend is denied as to Claims 1 through 3.

B. Claim 4

The plaintiffs cite two West Virginia Supreme Court cases and two Washington Supreme Court cases for their assertion that the defendants are required to pay attorneys' fees and costs for a "common fund" that will be created based on the UIM damages. Given this assertion, the plaintiffs argue that this case provides a new issue not considered by the Schatken court. However, this Court finds that those cases are not applicable to the case at hand as the defendants are not seeking reimbursement from the plaintiffs.

The plaintiffs cite both Ferrell v. Nationwide Mutual Insurance Company, 617 S.E.2d 790 (W. Va. 2005), and Federal Kemper

14

Insurance Company v. Arnold, 393 S.E.2d 699 (W. Va. 1990), to support their argument that attorneys' fees and costs should be provided in this action. The West Virginia Supreme Court did not deal with this issue in Schatken although it was argued in the briefing in that action. However, the Schatken trial court addressed this argument in denying the plaintiffs' motion to amend.

In considering the above argument, the Schatken trial court found that neither Ferrell nor Arnold were applicable. Schatken II, No. 10-C-367 at *3. However, the court did not give any reasoning for this finding. Further, the court went on to find that the West Virginia Supreme Court rejected the plaintiffs' position as to attorneys' fees and costs because that argument was "clearly asserted in the content of the appeal [and was] considered resolved in the favor of State Farm given the clear rejection of Plaintiffs' theories." Id. (citing Clemons v. Mississippi, 494 U.S. 738, 747 n.3 (1990); Kirby Forest Indus., Inc. v. United States, 467 U.S. 1, 8 n.10 (1984)).

This Court also finds that Ferrell and Arnold are distinguishable. Those two cases indicate that attorneys' fees and costs are required when a common fund is created by the plaintiff and the insurance company seeks subrogation. However, in this case, State Farm is seeking neither subrogation nor reimbursement. This was likely the reasoning behind the Schatken II court's finding as to these cases.

15

Further, this Court agrees with the Schatken II court that the West Virginia Supreme Court, in not reviewing the attorneys' fees and costs argument asserted in the plaintiffs' brief, rejected this argument. The United States Supreme Court has adopted such a scheme of reasoning. Clemons, 494 U.S. at 747 n.3 (finding that a lower court implicitly rejected arguments by refusing to address them); Kirby Forest Indus., 467 U.S. 8 n. 10.[2] However, in an abundance of caution, this Court will address why the Washington cases, which are not binding on this Court, are distinguishable from this action.

Specifically, Matsyuk is distinguishable because the Court held that attorneys' fees and costs had to be paid where the plaintiff recovered from both the tortfeasor's liability policy and the tortfeasor's personal injury protection ("PIP") policy. Matsyuk v. State Farm Fire & Cas. Co., 272 P.3d 802, 804 (Wash. 2012). Further, the court made clear that its rule covered three scenarios all of which involve PIP policies in conjunction with either a liability policy, UIM policy, or both. Id. at 807. Thus, these scenarios are different where in this case, the plaintiffs are claiming that they would seek a common fund based on the

---

[2]The Supreme Court in Kirby Industries noted that: "The District Court did not expressly rule upon petitioner's contention that the stipulation entered into by the parties on the opening day of trial established the date of the taking. But, by awarding interest as of the date of the filing of the complaint, the court implicitly rejected petitioner's submission on that issue."

16

damages they seek against their own insurance company rather than damages from the tortfeasor's insurance company.

Winters also fails as it also deals with PIP coverage. Winters v. State Farm Mut. Auto. Ins. Co., 31 P.3d 1164, 1166 (Wash. 2001) opinion corrected, 63 P.3d 764 (Wash. 2002). Further, Winters revolves around the issue of subrogation which is not addressed nor has arisen in this action. Id. Accordingly, Winters also has no dispositive effect on this matter.

As such, given the conducted analysis, this Court finds that the plaintiffs' amendment would be futile and thus their motion to amend should be denied. Therefore, the defendants' motion for partial summary judgment must be granted as Schatken precludes the claims that have been asserted in the plaintiffs' amended complaint in Counts I, IV, and V. Thus, there is no genuine issue of material fact as to those counts. Further, in granting the motion for partial summary judgment and dismissing Counts I, IV, and V, this Court finds that the motion to stay this action should be lifted and will set a status and scheduling conference in this matter to determine what steps need to be taken in this proceeding at this point in time.

## V. Conclusion

Based on the above, the defendants' motion for partial summary judgment (ECF No. 95) is hereby GRANTED. Thus, Counts I, IV, and V of the plaintiffs' first amended complaint (ECF No. 39) are

DISMISSED.  Further, the plaintiffs' motion to amend or correct the first amended complaint (ECF No. 96) is DENIED.  Accordingly, the stay in this action is hereby LIFTED.  The parties are therefore ORDERED to appear for a status and scheduling conference on **June 23, 2014 at 11:00 a.m.** in the chambers of Judge Frederick P. Stamp, Jr., Federal Building, 1125 Chapline Street, Wheeling, West Virginia 26003.

The Court will permit those out-of-town attorneys having their offices further than forty (40) miles from the point of holding court to participate in the conference by telephone.  However, any such attorney shall advise the Court as soon as possible prior to the conference of his or her intention to participate by telephone and shall (1) inform all counsel of his or her appearance by telephone; (2) confer with other out-of-town attorneys to determine if they wish to appear by telephone; (3) advise the Court of the name of the attorney who will initiate the conference call and all such attorneys appearing by telephone; and (4) initiate a timely conference telephone call with such attorneys to the Court at 304/233-1120 at the time of the scheduled conference. If the attorneys cannot reach agreement as to the initiator of the call, the Court will make that determination.

Finally, the Court notes that ECF No. 102 has been designated as a motion although it is not a motion by the defendants. Rather, ECF No. 102 is a supplemental memorandum to the defendants'

18

response in opposition to the plaintiffs' motion to amend. As such, the Clerk of Court is DIRECTED to terminate the designation as a motion of ECF No. 102 as it is not a motion.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     June 4, 2014

                                /s/ Frederick P. Stamp, Jr.
                                FREDERICK P. STAMP, JR.
                                UNITED STATES DISTRICT JUDGE